Nia Lucas
6218 Georgia Avenue NW
Ste 1 - 488
Washington, DC 20011
Telephone: (571) 308-3198
Fax: 202-552-4767
Email: integritynhonor4ever@gmail.com

Case: 1:22-cv-01540 JURY DEMAND
Assigned To : Nichols, Carl J..
Assign. Date : 5/27/2022
Description: Pro Se Gen. Civ. (F-DECK)

IN THE UNITED STATES COURT FOR THE

DISTRICT OF COLUMBIA

NIA SHENE' LUCAS,
6218 GEORGIA AVENUE NW
STE 1 - 488
WASHINGTON, DC 20011

Plaintiff,

vs.

AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES (AFGE)
80 F STREET, N.W.
WASHINGTON, DC 20001,

AFGE LOCAL 228,
801 R STREET, SUITE 202
FRESNO, CA, 93721,

JOHNNIE D. GREEN, INDIVIDUAL
6606 BLUEBIRD DR
LITTLE ROCK, AR 72205,

MICHAEL KELLY, INDIVIDUAL
1308 S HADDEN AVE,
EL RENO, OK 73020,

Defendants

Case No.:

**COMPLAINT FOR RETALIATION**
**1. Retaliation in violation of Fair Labor Standards Act (FLSA)**
**2. Promissory Estoppel**
**3. Tortious Interference with a Contract**
**4. Civil Conspiracy to Deprive of Rights**
**5. Intentional Infliction of Emotional Distress**
**6. Constructive retirement**

**JURY TRIAL DEMANDED**

RECEIVED
Mail Room
MAY 3 1 2022
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**INTRODUCTION**

1. This action arises from the retaliation, tortious contract interference, promissory estoppel, intentional infliction of emotion harm, and constructive retirement of MS. NIA LUCAS ("Plaintiff") after her protected activity under the Fair Labor Standards Act (FLSA).

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 1

2. The Plaintiff is a service-connected disabled veteran and federal whistleblower with an exemplary ten (10) years of federal service. AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES (AFGE), AFGE LOCAL 228, JOHNNIE D. GREEN, and MICHAEL KELLY (collectively known as Defendants), engaged in willful (FLSA) retaliation.

3. The Defendants conspired with the Plaintiff's former federal employer, the United States Small Business Administration ("SBA"), to grossly delay for approximately two years an arbitration promised to the Plaintiff by the Defendants that contained her FLSA complaint.

4. The Defendants demanded union fees for the Plaintiff to arbitrate and withdrew her arbitration containing her FLSA retaliation claim to unhinge the claim and deleterious provide SBA aid in the violation, and the ability to evade legal responsibility.

5. This case presents a number of critical issues, the first being is whether a labor union may conspire with an employer to violate the statutory rights of an employee in its bargaining unit.

6. Whether that labor union with impunity, may co-opt a pending arbitration for use as a means of reprisal against an employee for FLSA protected activity.

7. May the labor union tortiously interfere with an employee's proper enforcement of workplace rights, as a means not only to inflict emotional injury, but force their retirement while simultaneously assisting their employer in avoiding liability under the FLSA and numerous other federal and state laws.

8. The Plaintiff requests relief from Defendants' violations, specifically, the right to be free from retaliation irrespective of her statutorily protected activity.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this action pursuant to:

  a. 28 U.S.C. § 1331 (Federal Question);

  b. 28 U.S.C. §1337 (Interstate Commerce);

  c. 29 U.S.C. § 215(a)(3) (Fair Labor Standards Act ("FLSA")

  d. D.C. Code Ann. § 11-921 et. seq.

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 2

|   |   |   |
|---|---|---|
| 1 | i. | D.C. Code Ann. § 11-921(a)(6) (2001) |
| 2 | e. | D.C. Code Ann. § 13-423 (2001) |

10. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with the federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

11. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the District of Columbia, because the unlawful acts alleged herein that caused the Plaintiff's severe financial, emotional, physical, and professional harm occurred in the District of Columbia, and because all parties either reside or do business in the district.

**NATURE OF THIS ACTION**

12. This is an action brought pursuant to the Fair Labor Standards Act and District of Columbia common law.

13. The Plaintiff brings this action to secure declaratory relief, compensatory, and punitive damages to remedy Defendants' commission of unlawful retaliation against the Plaintiff for her assertion of her workplace rights.

**PARTIES**

14. Plaintiff, NIA SHENE' LUCAS ("Plaintiff"), was employed as a program analyst by the SBA in January 2017 until her constructive retirement in April 2020. In 2017, the Plantiff was a bargaining unit employee in AFGE Local 228. In February 2019, she became a union steward and was constructively discharged from that position and AFGE without notice by the Defendants in retaliation for her FLSA protected activity. The Plaintiff was a FLSA non-exempt employee while employed at SBA, who exercised her FLSA rights via the grievance procedure in February 2018. Ms. Lucas, since. On May 27, 2020, in email exchanges between her and the scheduled arbitrator on her FLSA complaintcomplaint, the Plaintiff discovered that the DefendantsDefendants had conspired with her former employer, SBA, to retaliate for her protected activity by withdrawing her FLSA

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 3

complaint without any settlement attempt; to underhandedlyunderhandedly derail her her FLSA complaint against SBA. This Defendantswithdraw occurred although the Defendants promised the Plaintiff that she would be able to arbitrate the matter. The Plaintiff relied on that promise to her detriment, losing wages, pension and benefits, as well as promotion potential. Additionally, she spent tens of thousands of dollars on attorney fees associated with the grievance procedure and arbitration that would never materialize while she was left in a workplace of violence.

15. Defendant AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES ("National") is on information and belief, a national labor organization headquartered in the District of Columbia. At all times relevant herein, the National was the parent union to the AFGE Local 228, sharing a constitution. At all times relevant herein, and on information and belief, Defendant National was acting in the course and scope as representative of the Local and with the permission and consent of the other Defendants. After the Plaintiff's filing of her FLSA complaint via the grievance procedure, the National, worked in the interest of her employer, SBA, to interfere with, restrain and coerce the Plaintiff in the exercise of her employee rights, including the FLSA rights, protected under the law.

16. Defendant AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 228 ("Local") is on information and belief, a local labor union doing business in the District of Columbia. At all times relevant herein, the Local was the Plaintiff's bargaining unit, until she was discharged from the unit and or union. Throughout the events herein, the Local was acting within the course and scope of its authority as the exclusive representative for SBA employees, with the permission and consent of the other Defendants. After the Plaintiff's filing of her FLSA complaint via the grievance procedure, the Local, worked in the interest of her employer, SBA, to interfere with, restrain and coerce the Plaintiff in the exercise of her employee rights, including the FLSA rights, protected under the law.

17. Defendant JOHNNIE D. GREEN ("Green") is on information and belief, the former President of the Local, who resides in Little Rock, Arkansas. Green did business for the Local in the District of Columbia. At all times relevant herein, Defendant Green was the President of the Local. In and around January

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 4

2018 until May 2019, Green, was the designated representative for the Plaintiff's employee grievance(s) with her former employer, SBA. In May 2018, Green, invoked arbitration on the Plaintiff's FLSA complaint. In May 2019, Green postponed the Plaintiff's arbitration and notified her to be prepared for her removal by SBA. In November 2019, the Plaintiff reported Green for sexual harassment to federal authorities. In November, Green called the Plaintiff and threatened her career and pending arbitration. In January 2020, though protested by Plaintiff, Green withdrew the Plaintiff's arbitration under false pretext. In May 2020, Green contacted the Plaintiff and again threatened her. Green conspired with her former employer, SBA, to interfere with, restrain and coerce the Plaintiff in the exercise of her employee rights, including FLSA rights, protected, under the law. Throughout the events herein, Green was acting within the course and scope of his authority as President of the Local with the permission and consent of the National and Local. It is within this scope of authority that he promised the Plaintiff an arbitration for her FLSA complaint.

18. Defendant MICHAEL KELLY ("Kelly") is on information and belief, the former National Vice President (NVP) of District 9 within the National, with authority over the Local. He is believed to reside in El Reno, Oklahoma. Kelly did business for the National in the District of Columbia as NVP. At all times relevant herein, Defendant Kelly was the NVP and set on the Executive Board of the Local. After the Plaintiff's filing of her FLSA complaint via the grievance procedure, Kelly, conspired with the Local in the interest of the Plantiff's former employer, SBA, to interfere with, restrain and coerce the Plaintiff in the exercise of her employee rights, including FLSA rights, protected under the law. On May 18, 2019, the Kelly promised the plaintiff that he would intervene in the postponed arbitration hearing to see that it was "resolved". The Plaintiff relied on Kelly's promise to intervene to have her arbitration for her FLSA complaint resolved. Throughout the events herein, Kelly was acting within the course and scope of his authority as National Vice President for the National, overseeing the Local with the permission and consent of the Defendants.

**STATEMENT OF FACTS**

19. February 14, 2018, the Plaintiff filed an amended employee grievance, #1-31-18-Addendum 1 2-14-18, to include an FLSA complaint against her employer, SBA, who unlawful refused to pay her for hours of

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 5

work to include overtime during the January 22, 2018, government wide shut down. See Exhibit 1 Grievance. The Plaintiff was a non-essential non-exempt FLSA employee at the time of the furlough in the bargaining unit.

20. February 27, 2018, the Plaintiff's employer, SBA, via her former supervisor, Bruce Purdy ("Purdy") admitted that it willful violated the FLSA in violation of Ms. Lucas' rights; SBA used the false pretext that no employee at SBA legally could work past four (4) hours. See Exhibit 2 SBA Reply Pg. 3 No. 1.

21. The fact is the 115th Congress the day following the government wide shut down that resulted in the Plaintiff's furlough passed a congregational resolution to provide back pay for all furloughed employees. See Exhibit 3 Resolution.

22. Additionally, the Executive Office of the Vice President and Office of Personnel Management unequivocally informed SBA and the Defendants that it had to pay the Plaintiff for hours or work to include overtime under the FLSA if they called her into work on her day off, also known as, alternative work schedule (AWS) day. See Exhibit 4, Memo from the Executive Office of the President. See Exhibit 5. Memo from the Office of Personnel Management (OPM). See Exhibit 6, OPM fact sheet. See Exhibit 7, Plaintiff's Time and Attendance demonstrating that the first day of the pay period was her AWS and that the Plaintiff was furloughed on the first day of the pay period.

23. May 8, 2019, prior to the postponement and the withdraw of the Plaintiffs FLSA complaint that was pending in arbitration, Green, informed the Plaintiff's then attorney Susan Kruger ("Kruger") of Alan Lescht and Associates that the Plaintiff had enough evidence to win the case, however, her failure to prepare a legal strategy we [Local] will not win. See Exhibit 8, Email from Green to Krueger.

24. Kruger and her law firm were paid more than $31,000 dollar to represent the Plaintiff. More than $7,000, was spent simply responding to SBA motion to dismiss her FLSA complaint in the pending arbitration, which was scheduled for hearing on May 15th thru 16th, 2019.

25. Though Kruger was the union's attorney, the Local and Green did not pay any of the union attorney fees, the Plaintiff paid them.

26. The Defendants were aware of the protected activity of the Plaintiff prior to the retaliatory withdraw of her FLSA complaint in 2020.

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 6

27. Green, the Local president, was the designated representative for the Plaintiff while her FLSA complaint was in the grievance procedure. See Exhibit 1.

28. Green invoked arbitration in and around March 15, 2018. See Exhibit 9, FLSA Matter Arbitration Invoked.

29. Additionally, the Local via the union attorney, Kruger, responded to SBA motion to dismiss the Plantiffs FLSA complaint. See Exhibit 9b Decision on SBA's Motion to Dismiss FLSA complaint.

30. Additionally, all Defendants were aware of the protected conduct, Green informed the Executive Board to include Kelly of the false pretext for the delay in arbitrating the FLSA Matter. See Exhibit 9c Green Pretext for Delaying FLSA Complaint.

31. Current the National Vice President of AFGE Robert Harrison ("Harrison") was also on the email chain and spoke with the Plaintiff earlier in the week regarding the delay in resolution of her FLSA complaint.

32. On May 18, 2019, after the Plaintiff informed Kelley, of the sexual harassment experienced and false pretext of the Local and Green in delaying her FLSA complaint, Kelly promised the Plaintiff that he would intervene and resolve the matter. See Exhibit 9d Kelly Promised to Intervene.

33. The Plaintiff relied to her detriment on the Defendants' promise to arbitrate her FLSA complaint and experienced the maximum harm from her employer, wage theft and workplace violence, for approximately, six-hundred and eighty-eight (688) days; until the Plaintiff was forced into retirement.

34. Specifically, the Defendant's, delayed the Plaintiff's arbitration for her FLSA complaint for six-hundred and eighty-eight (688) days, withdrawing it in and around the six-hundred and eighty-ninth (689th) day on January 22, 2020.

35. The Plaintiff discovered this conspiracy May 27, 2020, after an email exchange with the previous scheduled arbitrator for the FLSA complaint, Felicia Busto ("Busto"). See Exhibit 10, Defendants Conspire with SBA.

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 7

36. The National and Kelly never sought to reschedule the FLSA complaint but planned an arbitrary delay with the Local and Green until they conspired with SBA, the Plaintiff's former employer to willful retaliated under the FLSA and withdraw her complaint for unlawful reason(s).

37. The Defendants knew that during the delay and after the withdraw of the grievance the Plaintiff's FLSA complaint would be unhinged, she would have no immediate forum and would not be able to recover her attorney fees spent during the grievance and arbitration procedures.

38. Furthermore, the Defendants knew the Plaintiff would be subjected to removal and ongoing violence, discrimination, and wage theft in the workplace. Especially since the union discharged her as a steward and from the union, without notice. All pending grievance and arbitrations matter that the Plaintiff had with the Defendants ignored, thus restraining the Plaintiff from exercising her workplace rights and forcing her into retire.

39. To continue, Arbitrator Felicia Busto ("Busto"), the arbitrator scheduled for the 2019 postponed arbitration, forewarned the Defendants that dismissal of the claims in the Plaintiff's arbitration would result in a lack of forum for many of them. See Exhibit 9b Pg. 12 Para. 1.

40. In total, the Defendants intentionally inflicted emotional harm on the Plaintiff by tortiously interfering in her employment contract enumerated in federal statue to retrain her from exercising her FLSA rights, among other enumerated workplace rights.

41. The Defendants were aware that the Plaintiff and SBA had a legal employment contract.

42. The Defendants had knowledge of the employment contract , they are the exclusive bargaining unit for SBA.

43. The Defendants, intentionally and without justification interfered with the Plaintiff's FLSA rights, minimum wage, overtime pay and her right to exercise her rights under the employment contract, when it retaliated against her for her protected activity under the FLSA.

44. The Plaintiff, consequently, was subjected to emotional and physical harm and was forced to retire.

45. The Defendants promised the Plaintiff that she would arbitrate her FLSA complaint.

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 8

46. The Defendants knew that as the exclusive representative for SBA employees, the Plaintiff would rely on the Defendants' promise(s) to her detriment.

47. The Plaintiff to her detriment relied on this promise losing wages, bonuses, benefits, promotions, and forced to constructively retire or spend additional time experiencing violence from both Green and SBA.

48. There was an agreement between the Defendants and the Plaintiff's former employer, SBA to withdraw in retaliation the Plaintiff's FLSA complaint. Turns out that she may not have been the only employee that AFGE did this to and AFGE wanted to gag the Plaintiff from notify other colleague that they two experienced a FLSA violation and it went uncheck by the Defendants.

49. Although an arbitration can be lawful withdrawn, this arbitration was withdrawn for unlawful reasons, FLSA retaliation.

50. The agreement between the Defendant and SBA, the Plaintiff's former employer, was to participate in the unlawful retaliatory act of withdrawing the Plaintiff's arbitration containing her FLSA complaint, on false pretext(s) leaving the Plaintiff without remedy prior to any settlement with SBA.

51. Subsequently, unhinging the Plaintiff's FLSA complaint and providing leverage to SBA in pending EEOC negotiations with the Plaintiff.

52. The Defendants' act(s) were overt FLSA retaliation and tortious interference with the Plaintiff employment contract so that she could not protect her rights to minimum wage and overtime pay and be from retaliation. In that the Defendant acquiesced in the employer's retaliation to withdraw a "winning" FLSA complaint.

53. If not, but for the Defendants' actions and scheme resulting from the Plaintiff the protected FLSA activity, she would not have been discharged from the union nor forced to retire at the age of thirty-eight (38) as a result of the Defendants damages and intentional infliction of harm in violation of the FLSA, against her.

54. The Defendants' given the exclusive rights to bargaining for the Plaintiff by the federal government, for three (3) years allowed the Plaintiff to remain in a workplace of violence and knowingly subjected

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 9

her to physical violence and wage theft via FLSA violation(s). It is outrageous, the conspiracy and powers that the Defendants exerted upon the Plaintiff's in their attempt to silken a legitimate and formally filed FLSA complaint.

55. It is egregious that Green demanded the Plaintiff to pay several thousand dollars to the Defendants as a fee in order to proceed with her FLSA rights. This was done though the union and SBA have an agreement to pay arbitration. See Exhibit 9c. This was coercion to end her FLSA complaint in 2019. See arbitration cost in Exhibit 10, Master Labor Agreement Article on Arbitration, relevant page(s)

56. This fee was one that belonged to the Defendants' and they attempted to shift the fee to the Plaintiff, because they were informed that she was spent of money paying the union attorney, Kruger.

57. The Defendants promises, delays, withdrawal of the FLSA complaint were all intentional retaliation and reckless disregarding for the Plaintiff's FLSA rights and claim.

58. The Plaintiff a, US Army veteran, could not comprehend the war that was being waged against her by the government (her employer, SBA) and her own labor union, the Defendants, in an effort to stop her from exercising her FLSA rights.

59. The Plaintiff was traumatized, so much so that she was forced into retirement.

60. In a civilized community, where labor union have existed for almost a century to protect the rights of employees. The Defendants actions are utterly intolerable, to dispose arbitrarily of an employee's rights and interfere with their employment contract solely to retaliate for FLSA protected activity.

61. The Defendants actions to retaliate against one of its bargaining unit employees are so outside the bounds of decency, the Plaintiff believed that she would be left in a perpetual state of violence within SBA and the labor union, before she was forced to retire.

**FIRST CLAIM FOR RELIEF**
**Retaliation in Violation of the FLSA**
**(29 U.S.C. § 21S(a))**
**Against all Defendants**

62. The Plaintiff re-alleges and incorporates by reference each allegation in the previous paragraphs of this Complaint.

63. The FLSA always applied to Plaintiff's employment with SBA relevant herein.

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 10

64. Section 215(a)(3) of the FLSA prohibits an employer or "any person" from retaliating against an employee, because he or she "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA.

65. To establish a retaliation claim under the FLSA, the Plaintiff is required to show that (1) she made an FLSA complaint or otherwise engaged in protected conduct; (2) the Defendants were aware that she had engaged in protected activity; (3) the Defendants took an action that was materially adverse to the complainant and sufficient to dissuade a reasonable employee from further protected activity; and that (4) there was a causal relationship between the two. See Del Villar v. Flynn Architectural Finishes, Inc., 893 F.Supp.2d 201, 213 (D.D.C.2012) (citing Caryk v. Coupe, 663 F.Supp. 1243, 1253 (D.D.C.1987) ).

66. In February 2018, Plaintiff on behalf of herself filed an employee grievance alleging labor law violations, including among others failure to pay minimum wage and overtime.

67. The 2018 grievance constituted "a complaint" and was protected activity under the FLSA.

68. In May 2019, and again in January 2020, as a direct and proximate result of the grievance filed, Defendants arbitrarily delayed the Plaintiff's arbitration.

69. Defendants' actions both the delay and withdrawal constituted retaliation within the meaning of Section 215(a)(3), as they were undertaken in direct response to Plaintiff's assertion of workplace rights protected by the FLSA.

70. The Defendant's have a history of restraining the Plaintiff's FLSA violation claim, as early as 2017, then President Keith Lucas refused to represent the Plaintiff on her wage and overtime complaints.

71. When, Green, became president in 2018, he promised the Plantiff the ability to obtain her wages. That said, he told her that she could not grieve her FLSA claims from 2017, consequently restricting her from exercising her workplace rights. The Plaintiff uncovered the lies about this in May 2020.

72. As a direct, foreseeable, and proximate result of Defendants' willful violation of the FLSA and it anti-retaliation provision, Plaintiff has lost wages, promotions, bonus, benefits of employment, professional references, and such

73.

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 11

74. The Defendants acts were willful, because they were notified by SBA, Congress, the Executive Office of the President and OPM that the Plaintiff was due pay, and they knew the Plaintiff was not paid, yet the Defendants sought to conspire with SBA so that the Plaintiff would never be able to acquire those wages.

75. The Plaintiff has suffered and continues to suffer emotional distress, and she has incurred and continues to incur expenses, including but not limited to attorneys' fees and costs associated with the FLSA retaliation.

76. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff. Defendants acted with an improper and evil motive amounting to malice and conscious disregard for Plaintiff's rights.

77. The acts taken towards the Plaintiff were carried out by Defendants acting in deliberate, callous and intentional manner with a desire to injure, damage, and deprive her of her statutory rights under the FLSA.

78. Pursuant to § 2 16(b) of the FLSA, Plaintiff is entitled to legal and equitable relief including declaratory relief, compensatory and punitive damages, as well as reasonable attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
**Promissory Estoppel**
**Against All Plaintiff's**

79. The Plaintiff re-alleges and incorporates by reference each allegation in the previous paragraphs of this Complaint.

80. Promissory estoppel provides the Plaintiff with a remedy to enforce a promise where the requirements of a contract (such as consideration) have not been satisfied. Vila v. Inter-Am. Inv. Corp., 570 F.3d 274, 279 (D.C. Cir. 2009). "In order to find a party liable on a theory of promissory estoppel, there must be evidence of a promise, the promise must reasonably induce reliance upon it, and the promise must be relied upon to the detriment of the promise." Simard v. Resolution Trust Corp., 639 A.2d 540, 552 (D.C. 1994).

81. The Defendants promised the Plaintiff that her FLSA complaint would be arbitrated.

82. The National promised the Plaintiff that when the Local postponed her arbitration, that it would interfere to resolve said FLSA complaint.

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 12

83. Defendants expected that the Plaintiff would rely to her detriment on these promises.

84. As a result of the Defendants' promises, the Plaintiff lost wages, benefits, promotions, bonuses, and was forced to retire having paid several thousand in fees to the union attorney without any remedy.

85. That said, because Kelly promises to interfere, she was unable to pursue an unfair labor practice against the union timely.

86. Had the Plaintiff known that the promise was empty and she would be discharged from the union she would have used the legal fees in another forum to pursue her FLSA complaint, she would have not permitted her FLSA matter to toll, she would have not endured the two years of workplace violence to be discharged by the union, Defendants. The Plaintiff would have found a new employer without any labor union.

87. The Defendants conspired with SBA to make it more advantageous for them to continue their deleterious attacks and violations of the FLSA.

88. Despite the Defendant's promise, they left the Plaintiff unable to bargain or arbitrate for herself, without any union representation, in a horrifically abusive and violent workplace with no reasonable or timely remedy.

89. As a result of Defendants' breach of their promises, the Plaintiff has suffered damages.

90. Defendants are jointly and severally liable for the damages suffered by the Plaintiff.

### THIRD CLAIM FOR RELIEF
**Civil Conspiracy to Deprive of Equal Rights**
**Against All Plaintiff's**

91. The Plaintiff re-alleges and incorporates by reference each allegation in the previous paragraphs of this Complaint.

92. The elements of Civil Conspiracy in the District of Columbia are: (1) an agreement between two or more persons; (2) to participate in an unlawful act or in a lawful act in an unlawful manner; and (3) an injury caused by an unlawful overt act performed by one of the parties of the agreement; (2) pursuant to, and in furtherance of the common scheme. Weishapl v. Sowers, 771 A.2d 1014, 1023 (D.C. 2001).

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 13

93. Defendant and the Plaintiff's employer agreed and conspired to unlawful disposes of the Plaintiffs FLSA claim and inhibit her from expressing her statutory rights, when under false pretext they postponed and withdrew her arbitration on the matter.

94. The Defendants promised the Plaintiff the ability to arbitrate her FLSA complaint that she grieved as early as 2018; instead the labor union after the Plaintiff's removed her a union steward, delayed her arbitration egregiously, discharged her from the union, and left the Plaintiff in a violent workplace without any administrative remedy to exercise her civil rights.

95. The Defendants with knowledge and malice, lied to the Plaintiff.

96. In furtherance of the conspiracy set forth above, Defendants and the former employer of the Plaintiff, SBA, committed the overt acts alleged above, by among other things, made false statements and concealed evidence of the unlawful reasons for retaliation for FLS protected activity.

97. The Defendants' aim was to put SBA in a better bargaining position against the Plaintiff.

98. The Defendants' harmed the Plaintiffs mental and physical health, as well as, impaired both her present and future employment prospects, while acquiescing in the employers FLSA violation and retraining her from exercising her employment rights.

99. Plaintiff suffered damages because she was forced to retire in her 30's.

100. The Defendants unlawful retaliation and unfulfilled promise had and continue to have a negative effect on the Plaintiffs, integrity and has impaired her standing in the community, as well as, exposed her to diminished income in the practice of her trade, business or profession, and are likely to have significant and long lasting public and professional consequences.

101. All the above consequences were foreseeable to the Defendant at the time it retaliated against the Plaintiff and conspired with her employer to diminish her causes of action and made a promise it never intended to fulfill.

102. These actions by the Defendants constitute civil conspiracy.

### FORTH CLAIM FOR RELIEF
**Tortious Interference with Employment Contract**

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 14

**Against All Defendants**

103. Plaintiff realleges and incorporates by reference all of the allegations in the paragraphs above, as are fully stated herein.

104. The elements of a claim of tortious interference with contractual relations are (1) the existence of a legal contract; (2) defendant's knowledge of that contract; (3) intentional interference without justification; and (4) resulting damages. Dunn v. Cox, 163 A.2d 609, 611 (D.C. App. 1960).

105. Under District of Columbia common law, tortious interference with contract occurs when a contract exists, a party has knowledge of the contract's existence and intentionally procures a breach of that contract causing damages because of the breach.

106. As described in greater detail above, an employment contract/agreement existed between the Plaintiff and SBA.

107. At all times the Defendants were aware of the employment agreement between the Plaintiff and SBA.

108. At all times Defendants were aware of each other actions.

109. The Defendants intentionally and maliciously interfered with the Plaintiff's employment contract with SBA.

110. As a result of the interference with the Plaintiff's employment, the Plaintiff suffered emotional distress, embarrassment, anxiety, fatigue, mental distress, humiliation, illness, and damage to her professional personal reputation as she was referred to as a liar and that she lack candor for make her FLSA claim.

111. Pursuant to D.C. Code § 12-301 (8), the statute of limitations for bringing a claim for tortious interference with contract is there years. The Plaintiff's claim falls within this statute of limitation, because he learned of the interference in May 27, 2020 when confidential emails between SBA, Green, and the arbitrator were sent to her.

**FIFTH CLAIM FOR RELIEF**

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 15

## Intentional Infliction of Emotional Distress
## Against All Defendants

112. Plaintiff realleges and incorporates by reference all of the allegations in the paragraphs above, as are fully stated herein.

113. To establish a claim for intentional inflection of emotional distress, the Plaintiff must show that (1) Defendants engaged in extreme and outrageous conduct, (2) which intentionally or recklessly, (3) caused the Plaintiff to experience severe emotional distress. Evans v. District of Columbia, 391 F. Supp. 2d 160, 170 (D.D.C. 2005); Kerrigan v. Britches of Georgetowner, 705 A.2d 624, 628 (D.C. 1997) (citing Bernstein v. Fernandez, 649 A.2d 1064, 1075 (D.C. 1991)). Under District of Columbia law, which is applicable in this case, the alleged conduct must be so "outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Homan v. Goyal, 711 A.2d 812, 818 (D.C. 1998) (quoting Drejza v. Vaccaro, 650 A.2d 1308, 1312 n. 10 (D.C. 1994)).

114. Defendants' conduct was outrageous, and each Defendant intended to cause Plaintiff emotional distress and/or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress. As a result of Defendants' conduct, Plaintiff suffered severe emotional distress, and Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

115. As a direct, foreseeable and proximate result of Defendants' actions, that included FLSA retaliation, the Plaintiff suffered and continues to suffer severe emotional distress.

116. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff. Defendants acted with an improper and evil motive amounting to malice and conscious disregard for Plaintiff's rights

117.. The acts taken towards the Plaintiff were carried out by the Defendants acting in deliberate, callous and intentional manner with a desire to injure and damage.

118. Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
### Wrongful Constructive Retirement

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 16

**Against All Plaintiff's**

119. The Plaintiff re-alleges and incorporates by reference each allegation in the previous paragraphs of this Complaint.

120. Against the Defendants, the Plaintiff refused to ignore the illegal actions of SBA. She engaged in the protected activity of grieving and reporting these acts to various federal authorities.

121. SBA's illegal acts violated the FLSA.

122. The Defendants threatened her SBA would be looking to remove her and that she should be ready for this after the arbitration was delayed.

123. After two years of justice regarding her FLSA complaint delayed by the Defendants, the Plaintiff in a perverse, abusive, violent workplace had the expectation that there was only more to come after her discharge from the union for her protected activity.

124. The Defendants reason for the delay and the withdrawal is discriminatory, relativity and was pretextual.

125. The plaintiff prior to SBA had a stellar and exemplary employment in the federal government. Only after she became a profound whistleblower and pursued her statutory rights under the FLSA were there any reports different.

126. As a result of Defendants' conspiring with the Plaintiff's employer SBA, she would not have been forced to retire and suffered subsqunt damages.

127. Defendants are jointly and severally liable for the damages suffered by the Plaintiff in an amount to be proven at trial.

**DECLARATORY RELIEF ALLEGATIONS**

128. Plaintiff incorporates by reference the allegations contained herein this Complaint.

129. A present and actual controversy exists between Plaintiff and Defendants concerning their rights and respective duties.

130. Plaintiff contends that Defendants violated her rights under the FLSA.

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 17

131. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties. Declaratory relief is therefore necessary and appropriate.

132. Defendants acted with malice or reckless disregard to the protected rights of Plaintiff, and Plaintiff is thus entitled to recover punitive damages in an amount to be determined according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendants as follows:

133. Declaratory judgment that Defendants' actions complained of herein have violated Plaintiff's rights under the FLSA, including the right to be free from retaliation for the assertion of rights protected by the FLSA.

134. Compensatory damages in an amount to be proven at trial.

135. Compensation for forced retirement and intolerable working conditions.

136. Punitive damages in an amount to be proven at trial.

137. Reasonable attorneys' fees and costs of previous arbitration and the suit herein generally and pursuant to 29 U.S.C.§ 216(b), D.C. Code Ann. § 32–1051.14, and other laws.

138. For an award of pre-judgment interest as authorized by law.

139. For an award of post-judgment interest as authorized by law.

140. For such other and further relief as this Court deems just and proper.

141. Any such further relief the court deem equitable under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Date: May 27, 2013

Nia S. Lucas

COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6. CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 18

1
2
3
4   _____
    Pro Se
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27  COMPLAINT FOR RETALIATION1. RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT
28  (FLSA)2. PROMISSORY ESTOPPEL3. TORTIOUS INTERFERENCE WITH A CONTRACT4. CIVIL
    CONSPIRACY TO DEPRIVE OF RIGHTS5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS6.
    CONSTRUCTIVE RETIREMENTJURY TRIAL DEMANDED - 19